UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

MILTON CORADO et al.,                   *

               Plaintiffs          *

         v.                   *       Civil Case No. 8:25-cv-00763-PX

DAY C SOUL MECHANICAL, INC.             *
et al.,
                    *

             Defendants.        *

                    *

**MEMORANDUM OPINION AND ORDER**

This is a dispute over unpaid wages under the Fair Labor Standards Act (FLSA), 29 U.SC. §§ 201-219, and Maryland state law.  Pending before the Court is a Joint Motion for Approval of Settlement of the dispute between the parties pursuant to 29 U.S.C. § 216.  ECF No. 62.  For the reasons discussed below, the Joint Motion for Approval of Settlement shall be granted.

**BACKGROUND**

According to the Amended Complaint and the parties' Joint Motion for Approval of Settlement, Defendants Charles A. Klein & Sons, Inc, Day C Soul Mechanical, Inc., La Santa, LLC, and Oscar A. Jimenez ("Defendants") hired Plaintiffs Milton Corado, Evander Lopez, Henry Corado, Luis Daniel Salgado, and Axel Fabricio Corado ("Plaintiffs") to perform plumbing work on the Harbor Point construction project located at approximately 913 South Caroline Street, 1201 Point Street, and 1402 Point Street, Baltimore, Maryland, 21231 (the "Project").  ECF No. 30, at 2, 7.  Plaintiffs Evander Lopez and Henry Corado worked for Defendants from October 2, 2023, to January 29, 2024.  *Id.* at 7-10.  Plaintiff Luis Daniel Salgado worked for Defendnats from October 16, 2023 to January 29, 2024.  *Id.* at 10.  Plaintiff Axel Cardo worked for Defendants from

1

October 2, 2023 to January 6, 2024. *Id.* at 8-9. Plaintiff Milton Corado worked for Defendants from November 2, 2023 to January 12, 2024. *Id.* at 11. Plaintiffs allege that during their period of employment, they routinely worked more than forty hours per week and did not receive payment for a substantial part of their work, including straight time and overtime hours. *Id.* at 3, 7-11. Plaintiffs allege further that Defendant AHP Construction, LLC d/b/a/ Armada Hoffler is the general contractor for the Project and is liable for the other Defendants' failure to pay Plaintiffs wages and resultant damages. *Id.* at 5. Defendants, in turn, deny Plaintiffs' version of events. ECF No. 35. They counter that Defendants Charles A. Klein & Sons Inc. and AHP Construction, LLC d/b/a/ Armada Hoffler never employed Plaintiffs, and they deny that Oscar A. Jimenez, La Santa, LLC, and Day C. Soul Mechanical, Inc. ever served as subcontractors and/or "labor brokers" to Defendant Charles A. Klein & Sons Inc. *Id.* at 2. As such, Defendants argue that they are not liable for any wage law violations as Plaintiffs allege. ECF No. 35; ECF No. 62-1, at 6.

Plaintiffs initiated this suit on March 7, 2025, ECF No. 1, and filed an Amended Complaint on June 2, 2025. ECF No. 30. Their Amended Complaint alleges that Defendants violated the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201–216(b); the Maryland Wage and Hour Law (MWHL), Md. Code Ann., Lab. & Empl. §§ 3-413, 3-420; and the Maryland Wage Payment Collection Law (MWPCL), Md. Code Ann., Lab. & Empl. §§ 3-501– 3-507.2, by failing to pay Plaintiffs for all straight time and overtime hours worked. ECF No. 30, at 3. As relief, Plaintiffs seek their unpaid wages, unpaid overtime wages, liquidated damages, and attorneys' fees and costs. *Id.* at 12.

The undersigned scheduled a settlement conference with the parties on January 28, 2026. ECF No. 56. The parties – excluding Defendants Oscar A. Jimenez, La Santa, LLC, and Day C Soul Mechanical, Inc. – reached a resolution of Plaintiffs' claims ahead of the scheduled settlement

conference.  ECF Nos. 62-2, 72.  Defendants Charles A. Klein & Sons, Inc. and AHP Construction, LLC d/b/a/ Armada Hoffler have agreed to pay Plaintiffs a total of $163,603.50 to resolve Plaintiffs' claims.  ECF No. 62-1, at 10.  Of this amount, (1) $68,951.50 is allocated to unpaid straight time wages; (2) $12,850.25 is allocated to unpaid overtime wages; and (3) $81,801.75 is allocated to unpaid liquidated damages constituting double damages of the unpaid straight and overtime wage amount, pursuant to the MDWPCL.  *Id.* at 10-11; ECF No. 62-2, at 2. Under the agreement, Plaintiffs' counsel is not receiving attorney's fees or costs.  ECF No. 79, at 1, 3.

## STANDARD OF REVIEW

When evaluating settlement agreements for approval under the FLSA, courts must ensure that a settlement "reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Saman v. LBDP, Inc.*, No. DKC 12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In making such a determination, district courts in the Fourth Circuit typically "employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*," which holds that a "FLSA settlement generally should be approved if it reflects 'a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions.'"  *Id*. at *3 (quoting *Lynn's Food Stores*, 679 F.2d at 1355).  As part of this assessment, courts must evaluate: (1) whether there are FLSA issues actually in dispute; (2) whether the settlement is fair and reasonable in light of the relevant factors; and (3) whether the attorneys' fees, if included in the agreement, are reasonable.  *Id*. at *3 (citing *Lane v. Ko-Me, LLC*, No. 10-2261, 2011 WL 3880427, at *2-3 (D. Md. Aug. 31, 2011); *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310 (AJT/JFA), 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)).

**DISCUSSION**

The parties have asked the Court to approve their proposed Settlement Agreement. The Court finds that approval is proper, as the Settlement Agreement reflects a fair and reasonable resolution of a *bona fide* dispute between the parties.

**A.  There is a *Bona Fide* Dispute Between the Parties.**

To determine "whether a *bona fide* dispute exists as to a defendant's liability under the FLSA," the Court should "examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey v. Scotts Co.*, 30 F. Supp. 3d 404, 408 (D. Md. May 23, 2014) (citing *Lomascolo*, 2009 WL 3094955, at *16–17). "Disagreements over rates of pay and hours worked can constitute *bona fide* disputes over a defendant's liability." *Fernandez v. Washington Hosp. Servs., LLC*, No. 8:23-cv-839-AAQ, 2023 WL 4627422, at *2 (D. Md. July 19, 2023); *see Duprey*, 30 F. Supp. 3d at 408 (finding a *bona fide* dispute where the "parties disagree[d] about [plaintiff's] rate of pay and hours worked"); *Galizia v. Ricos Enters., Inc.*, No. DKC-21-2592, 2022 WL 374511, at *2 (D. Md. Feb. 8, 2022) (finding a *bona fide* dispute where defendants contested the number of hours plaintiffs worked); *Hernandez v. Microfit Auto Parts, Inc.*, No. TDC-19-0984, 2021 WL 1311579, at *4 (D. Md. Apr. 8, 2021) (finding a *bona fide* dispute where defendants denied plaintiff's claims of underpayment); *Tala v. Seba*, No. 24-3598-BAH, 2025 WL 1638508, at *3 (D. Md. June 9, 2025) (finding a *bona fide* dispute where defendant denied being plaintiff's employer).

In their Joint Motion, the parties state that the proposed settlement resolves a *bona fide* dispute because Defendants and Plaintiffs disagree regarding: (1) the amount of straight time and overtime wages owed to Plaintiffs; (2) the number of hours Plaintiffs worked; and (3) whether Defendants are Plaintiffs' "employers" under the FLSA. ECF No. 62-1, at 6. This Court has held

that these issues are *bona fide* disputes.  Accordingly, a *bona fide* dispute exists between the parties under the FLSA.

### B.  The Settlement Agreement is Fair and Reasonable.

In assessing whether a settlement is fair and reasonable, the Court should evaluate the following six factors:

> (1) [T]he extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of . . . counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Saman*, 2013 WL 2949047, at *3 (second omission in original) (quoting *Lomascolo*, 2009 WL 3094955, at *10).

The first factor asks courts to consider the extent to which discovery has taken place.  When looking at this factor, courts assess whether the parties have "had adequate time to conduct sufficient discovery to 'fairly evaluate the liability and financial aspects of [the] case.'" *Lomascolo*, 2009 WL 3094955, at *11 (alteration in original) (quoting *A.H. Robins Co. v. Aetna Cas. & Sur. Co. (In re A.H. Robins Co.)*, 88 B.R. 755, 760 (E.D. Va. July 26, 1988)).

The parties have engaged in informal discovery.  ECF No. 62-1, at 7.  The Parties filed their Proposed Scheduling Order on September 3, 2025, and since then, the parties have exchanged copies of Plaintiffs' summary of damages outlining the amounts Defendants owed to Plaintiffs and limited daily sign-in sheets that Defendant Charles A. Klein & Sons maintained.  *Id.*  Initial disclosures also identified personnel that Defendants employed who may have knowledge of facts to substantiate the underlying claims.  *Id.*  While the parties did not conduct depositions, by avoiding parts of formal discovery, "resources that otherwise would have been consumed by the

litigation [can be] made available for settlement, and the risk and uncertainties for both parties [can be] reduced." *Duprey*, 30 F. Supp. 3d at 409. As such, the first factor weighs in favor of approving the Settlement Agreement.

The second factor looks to the current stage of the proceedings. Settlements can be found to be fair where proceeding further would be difficult and costly, and the parties would prefer to end proceedings before significant investment in litigation. *See e.g.*, *Black v. Reviera Enters., Inc.*, No. DLB-19-201, 2020 WL 6544820, at *2 (D. Md. Nov. 6, 2020) (holding that a settlement agreement was fair and reasonable where parties recognized remaining discovery would require significant investment of time, effort, and financial resources); *Saman*, 2013 WL 2949047, at *4 (finding that the parties' representation that they chose to settle "to avoid the costs of formal discovery, dispositive motions, and a possible trial" supported a finding that the settlement agreement was fair and reasonable). Even though the proceedings are still in the preliminary stages of litigation, "settlement at this juncture conserves the resources of the Parties and the Court." ECF No. 62-1, at 8. Given the parties' joint preference to terminate proceedings early rather than bear the risk of proceeding to trial, this factor weighs in favor of approving the Settlement Agreement.

The third factor assesses whether there has been fraud or collusion in the formation of the settlement. There are no facts before the Court that suggest either, allowing the "presumption that no fraud or collusion occurred between counsel[.]" *Lomascolo*, 2009 WL 3094955, at *12. Accordingly, this factor weighs in favor of approving the Settlement Agreement.

Under the fourth factor, courts look to the experience of counsel. Generally, where counsel is well-versed in the underlying law, courts presume that clients have been appropriately advised on the merits and challenges associated with settlement. *See Hackett v. ADF Rest. Invs.*, 259 F.

Supp. 3d 360, 366 (D. Md. Dec. 19, 2016) (finding a fair and reasonable settlement where counsel had litigated numerous lawsuits involving wage and hour violations).   Here, Plaintiffs are represented by multiple attorneys with O'Donoghue & O'Donoghue LLP, which is a "labor, employment, and employee benefits law firm."   ECF No. 62-1, at 9.   Plaintiffs' lead counsel, Andrew Costa-Kelser, has significant experience litigating wage theft and FLSA cases before this Court.  *Id.*  Accordingly, the Court is satisfied that Plaintiffs' counsel is sufficiently experienced in litigating similar matters, and this factor weighs in favor of approving the Settlement Agreement.

The fifth factor incorporates the opinions of counsel.   Counsel's opinion that the expense and potential duration of litigation weigh in favor of early settlement lends credence to a proposed settlement agreement.  *See Castro v. Early Learning Language Acads., LLC*, No. CBD-18-2421, 2021 WL 915106, at *4 (D. Md. Mar. 9, 2021).   In their Joint Motion, both Counsel aver that the settlement is fair and reasonable given that "litigation involves uncertainty in terms of duration, cost, result, and post-judgment collection."  ECF No. 62-1, at 9.  Plaintiffs' Counsel acknowledges that Plaintiffs "will incur significant out-of-pocket costs" litigating against four different defendants, and each defendant's liability is uncertain.   *Id.*   Moreover, Defendants raised affirmative defenses, and the outcome of such defenses is uncertain.  *Id.*  Yet, Plaintiff represents that the Settlement Agreement "equals the maximum amount [Plaintiffs] would receive under the FLSA and contemplates nearly the full scope of what they may be entitled to under state law."  *Id.* at 11.  While "counsel's opinion and recommendation as to the fairness and reasonableness of a settlement is not to be blindly followed," *Saman*, 2013 WL 2949047, at *5 (quoting *Lomascolo*, 2009 WL 3094955, at *12), their representations in this case weigh in favor of approving the Settlement Agreement.  For the same reason, the sixth factor—the probability of Plaintiffs' success

and the relationship between the amount of the settlement and the potential recovery—weighs in favor of approving the Settlement Agreement.

Upon consideration of the relevant factors, the Court finds the Settlement Agreement to be fair and reasonable.

### C. The Reasonableness Inquiry is Restricted to the Settlement Amount.

Courts must evaluate whether the attorneys' fees, if included in the agreement, are reasonable. *Saman*, 2013 WL 2949047, at *3 (citing *Ko-Me, LLC*, 2011 WL 3880427, at *2-3). Where the settlement agreement provides for no attorneys' fees, "the reasonableness inquiry is restricted to the settlement amount." *Park v. Myung Ga of MD, Inc.*, No. PWG-15-3606, 2016 WL 5957555, at *4 (D. Md. Oct. 13, 2016). Here, the Settlement Agreement does not require the payment of attorneys' fees or costs and Plaintiffs' counsel is not receiving attorneys' fees or costs through the Settlement Agreement. ECF No. 79, at 1-2 ("While Section 2 of the Settlement Agreement states that the total settlement amount of $163,603.50 is inclusive of 'any and all costs and attorney's fees,' Plaintiffs' Counsel is not receiving any attorney's fees or costs through the Settlement Agreement and the Settlement Agreement does not require the payment of any attorney's fees or costs."); *see also Saint-Preux v. Kiddies Kollege Christian Ctr., Inc.*, No. PWG-16-3276, 2017 WL 2693484, at *3 (D. Md. June 21, 2017) (approving a settlement agreement in which attorneys' fees for plaintiff's FLSA claim were not included in the agreement); *Parker v. KB Hauling, LLC*, No. 8:22-cv-00697-AAQ, 2022 WL 3027994, at *4 (D. Md. Aug. 1, 2022) (approving settlement where agreement was reached independently of plaintiff's attorneys' fees and where "no attorney fees or costs will infringe on [p]laintiff receiving his full relief of unpaid wages and liquidated damages."). Accordingly, the reasonableness inquiry is restricted to the settlement amount.

8

**CONCLUSION**

For the reasons stated above, the Joint Motion for Approval of Settlement, ECF No. 62, is, hereby, granted.

So ordered.

Date:   May 5, 2026                                         _____/s/_____

Ajmel A. Quereshi
United States Magistrate Judge